**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **CHRISTOPHER SHINHOLSTER,** | ) | Case No. 5:12 CV 2495 |
| | ) | |
| Petitioner, | ) | Judge Dan Aaron Polster |
| | ) | |
| vs. | ) | <u>**MEMORANDUM OF OPINION**</u> |
| | ) | <u>**AND ORDER**</u> |
| **DONALD MORGAN, Warden,** | ) | |
| | ) | |
| Respondent. | ) | |

Before the Court are: (1) Petitioner's Petition for Writ of Habeas Corpus ("Habeas Petition"), filed pursuant to 28 U.S.C. §2254; (2) Magistrate Judge Vernelis K. Armstrong's Report and Recommendation ("R&R") denying the Habeas Petition; and (3) Petitioner's Objections to the Magistrate Judge's R&R ("Objections"). For the reasons that follow, the Court **ADOPTS** the R&R, **OVERRULES** Petitioner's objections, and **DENIES** the Habeas Petition.

## I. BACKGROUND

On July 23, 2009, a detective from the Summit County Sheriff's Department narcotics division identified a suspicious package at a local FedEx distribution center. The detective ultimately determined that the package contained over a kilogram of cocaine. Later that day, Akron police performed a controlled delivery of the package to the targeted residence, an address on Hardesty Boulevard. Approximately five minutes after the delivery, police identified a silver Bonneville – which they had also identified in front of the target residence before the delivery – pulling into a nearby driveway. Petitioner was in the driver seat of the Bonneville.

Police stopped the vehicle, and when the Petitioner exited the vehicle he was unable to explain to the police officers why he was in the area or provide them with the name of anyone living in the neighboring house where he was parked. Furthermore, Petitioner had $720 on his person and a receipt for a shipment made three days earlier from the Hardesty Boulevard address to an address in Pearland, Texas, the same city from which the package was sent.

On February 18, 2010, a jury found the Petitioner guilty of one count of possession of cocaine (OHIO REV. CODE §§ 2925.11(A)(2), (C)(4)) and one count of trafficking in cocaine (OHIO REV. CODE §§ 2925.03 (A)(2)), with a specification as to both counts for the use of the Bonneville (OHIO REV. CODE §§ 2941.1417).

Now before the Court is Petitioner's Habeas Petition, which asserts seven grounds for relief. On July 17, 2013, Magistrate Judge Vernelis Armstrong issued an R& R recommending that the Court deny the Petitioner's Habeas Petition on all seven grounds. Judge Armstrong recommends denying grounds one, two and three on the merits, and she recommends denying grounds four, five, six and seven because they are procedurally defaulted.

On August 30, 2013, Petitioner objected to the R&R in its entirety.

## II.

**Ground One**

For ground one, Petitioner asserts that there was insufficient evidence to convict him and his convictions were against the weight of evidence. A habeas court reviews an insufficiency of the evidence claim by asking "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Matthews v. Abramajtys,* 319 F.3d 780, 788

(6th Cir. 2003). The mere existence of sufficient evidence to convict therefore defeats a petitioner's claim. *Id.* at 788–89.

Judge Armstrong reviewed the transcript and found "substantial evidence that Petitioner violated the statutes that prohibit drug possession and drug trafficking." (Doc. # 13 at 22). Nevertheless, Petitioner contends that the Magistrate Judge erred by finding that the testimony from co-defendant Kisha Marshall and Raphael Caprez of the Akron Police Department was sufficient for a rational trier of fact to find Petitioner guilty of possession and trafficking beyond a reasonable doubt. (Doc. #. 15 at 8). Petitioner attempts to cast doubt on the veracity of Ms.Marshall's testimony because she testified that she did not know 1.) where the Petitioner lived; 2) whether or not he was married and; 3) where Pearland, TX is located (Pearland is 17.2 miles from Houston Texas, which is where Ms. Marshall lived when she was 16 years old). (Doc. # 15 at 9).

As noted by Judge Armstrong, Ms. Marshall testified extensively and in great detail about her relationship with the Petitioner and the arrangements made for her to accept delivery of his cocaine. (Doc. # 13 at 22-23). Her testimony is sufficient to sustain the convictions.

Petitioner also asserts that Mr. Caprez's testimony was insufficient because his testimony "merely places the Petitioner in the vicinity where the controlled drug delivery occurred." (Doc. # 15 at 9). Mr. Caprez's testimony did more than "merely place[] the Petitioner in the vicinity where the controlled drug delivery occurred." Mr Caprez testified that the vehicle the Petitioner was in stopped right in front of the target residence, the Petitioner was looking at the target residence and that the Petitioner was unable to provide him with the name of the

-3-

individual of the neighboring house where his vehicle was parked.  Therefore, his testimony is also sufficient to sustain the convictions. (Doc. # 6-3, Tr. pp. 9-15).

The Court will therefore adopt Judge Armstrong's recommendation and deny the Petition as to Ground One.

**Ground Two**

For ground two, Petitioner asserts that the prosecutor engaged in misconduct by basing the dismissal of charges against Kisha Marshall on providing inculpatory testimony against Petitioner. To warrant habeas relief, the prosecutor's conduct must have "'so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Macias v. Majowski*, 291 F.3d 447, 451 (6th Cir. 2002)  (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)).  The Petitioner has failed to provide any evidence that the prosecutor offered Kisha Marshall a "deal" for providing false or embellished testimony. Rather, Marshall's only agreement with the prosecution was that she would take a polygraph examination and testify truthfully, in which case the government would consider dismissing the charges against her. (Doc. #6 at 33).

The Court will therefore adopt Judge Armstrong's recommendation and deny the Petition as to Ground Two.

**Ground Three**

For ground three, Petitioner alleges ineffective assistance of counsel.  An ineffective assistance of counsel claim is analyzed under the standard announced in *Strickland v. Washington*, 466 U.S. 668 (1984).  The standard has two components: (1) the defendant must show that his attorney's performance was deficient; and (2) the defendant must show that this

-4-

deficiency prejudiced the defense. *Id.* at 693. To show prejudice, "the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

Petitioner bases his claim upon appellate counsel's failure to assert the following challenges:

### *Nunc Pro Tunc*

The Petitioner alleges that the *nunc pro tunc* order violated his fundamental right to due process and a fair trial. The Court agrees with Magistrate Armstrong that the *nunc pro tunc* entry corrected a clerical error, and, therefore, appellate counsel was not deficient in failing to assert this challenge. (Doc. # 13 at 27).

### *Verdict Forms*

The Petitioner alleges that the verdict forms contain irregularities, which should have resulted in a conviction of the lowest form of the offenses charged. (Doc. # 15 at 11). As Judge Armstrong explains, under Ohio law, a criminal defendant may be found guilty of a lessor included offense even though the lessor offense was not separately charged in the indictment. *Id.* Because this Court agrees with Judge Armstrong that all the elements of the offenses charged in the indictment were proven beyond a reasonable doubt, the trial court could properly refuse to instruct the jury as to the inferior offenses. Therefore, appellate counsel was not deficient in failing to assert this challenge.

### *Allied Offenses*

Petitioner contends that appellate counsel was ineffective for failing to argue that the offenses of trafficking and possession of cocaine are allied offenses of similar import;

therefore, the execution of both offenses is a violation of the Double Jeopardy Clause. The Court agrees with Judge Armstrong that even if Petitioner can satisfy the first prong of *Strickland*, he cannot satisfy the second prong. As Judge Armstrong explains, Petitioner was not unfairly prejudiced because the ten-year sentence that the trial court imposed for each offense is to be served concurrently. (Doc. # 13 at 31). As a matter of Federal Constitutional law, " [t]he Double Jeopardy Clause offers no relief in the case of concurrent sentences." *Woodson v. Smith,* No. 5:09-cv-2803, 2010 WL 5817655, at *11. (N.D. Ohio 2010).

*Prosecutorial Misconduct*

In his Habeas Petition, Petitioner argues that the prosecution committed prosecutorial misconduct by combining two separate and distinct packages of drugs into one package in order to obtain a higher level of felony conviction. Now, in his Objections, Petitioner alleges that the trial counsel was ineffective for stipulating to the amount of cocaine in question, and that appellate counsel was ineffective for failing to raise this issue on direct appeal. (Doc. #15 at 13). This claim is procedurally defaulted as Petitioner did not raise it in his motion to reopen pursuant to Ohio App. R. 26(B). *Williams v. Anderson,* 460 F.3d 789, 806 (6th Cir. 2006) ("A petitioner may procedurally default a claim by failing to raise a claim in state court, and pursue that claim through the state's "ordinary appellate review procedures."')

**Grounds Four, Five, Six and Seven**

Grounds four, five, six and seven are based on the same claims as Petitioner's ineffective assistance of counsel claim, however, Petitioner in his Habeas Petition attempts to assert them as independent grounds for relief. Judge Armstrong concludes that Grounds Four, Five, Six and Seven are procedurally defaulted because Petitioner failed to "fairly present"them

through the requisite levels of state appellate review to the Supreme Court of Ohio. (Doc. # 13 at 14-15).

In his Objections, Petitioner contends that he did in fact present these claims to the Supreme Court of Ohio, but that the language he used in his memorandum in support of jurisdiction in the Supreme Court of Ohio "were not verbatim" the wording he used in his Habeas Petition. Petitioner's memorandum in support of jurisdiction suffers from more than just inartful wording; the content of the claims are materially different. For instance, in his Habeas Petition, Petitioner alleges that the prosecution committed prosecutorial misconduct by combining two separate and distinct packages of drugs. Whereas, in his memorandum in support of jurisdiction in the Supreme Court of Ohio, his prosecutorial misconduct claim is based on the prosecution's dismissal of the charges against Kisha Marshall. These claims, while both referring to prosecutorial misconduct, are substantively different. The Court will therefore adopt Judge Armstrong's recommendation and deny the Petition as to Grounds Four, Five, Six and Seven.

## III.

For the reasons discussed, *supra*, the Court **OVERRULES** the Objections (**Doc # 15**), and **ADOPTS** the thorough, well-written R&R (**Doc # 13**). Accordingly, the Petition for Writ of Habeas Corpus is hereby **DENIED**.

**IT IS SO ORDERED.**

                               /s/ Dan A. Polster   September 12, 2013
                               **Dan Aaron Polster**
                               **United States District Judge**