UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER SHINHOLSTER,** | ) | CASE NO. 5:12CV2495 |
| | ) | |
| Petitioner, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| vs. | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| **MARGARET BRADSHAW,** | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the Court on Petitioner Christopher Shinholster's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Shinholster was indicted on one count of possession of cocaine in violation of Ohio Revised Code § 2925.11 (A) and one count of trafficking cocaine in violation of § 2925.03 (A), with each count carrying a major drug offender specification. A jury found Shinholster guilty of both counts and the trial court determined that Shinholster was a major drug offender. For the possession conviction, the trial court sentenced Shinholster to ten years in prison and for the major drug offender specification it sentenced him to five years in prison, to run *consecutively* to the ten-year sentence, for a total of fifteen years. As for the trafficking conviction, the court also sentenced the Petitioner to ten years in prison, and for the major drug specification the court also imposed a five-year prison sentence. The court ordered the 15-year sentences for each count to run *concurrent* with each other.

In Shinholster's habeas petition, he raised seven grounds for relief. This Court denied Shinholster's habeas petition and denied a certificate of appealability. The Sixth Circuit granted a certificate of appealability for one issue: whether Shinholster was denied effective assistance of appellate counsel when counsel failed to raise on direct appeal a claim challenging Shinholster's

convictions as allied offenses of similar import under Ohio law and seeking dismissal of one of his convictions and sentences on double jeopardy grounds.

On November 26, 2014, a panel of the Sixth Circuit issued an opinion reversing in part the Court's denial of Shinholster's habeas petition and remanding the case for further proceedings consistent with its opinion. *Shinholster v. Bradshaw,* No. 14-3026 (6th Cir. Nov. 26, 2014) (unpublished). Therein, the Sixth Circuit determined that the type of drug trafficking that Shinholster was convicted of is an allied offense of similar import to drug possession under Ohio law, and, therefore, Shinholster's appellate counsel should have challenged his convictions and sentences for both possession and trafficking. The Sixth Circuit held that "because Shinholster's convictions are allied offenses of similar import under Ohio law, appellate counsel performed ineffectively by failing to raise a double jeopardy claim on direct appeal and to advocate dismissal of one of Shinholster's convictions and sentences," and that the fact that the sentences were concurrent did not preclude relief for this violation.

Accordingly, based on the Sixth Circuit's opinion in this case, the Court grants Shinholster's habeas petition. The trial court has ninety days to determine which of Petitioners two convictions and concurrent sentences to vacate.

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　 */s/ Dan A. Polster    December 18, 2014*  
　　　　　　　　　　　　　　　　　　　　 **Dan Aaron Polster**  
　　　　　　　　　　　　　　　　　　　　 **United States District Judge**

-2-