IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **CHRISTOPHER SHINHOLSTER,** | Case No. 5:12 CV 2495 |
| Petitioner, | Judge Dan Aaron Polster |
| v. | Magistrate Judge James R. Knepp, II |
| **MAGGIE BRADSHAW, WARDEN,** | |
| Respondent. | REPORT AND RECOMENDATION |

### INTRODUCTION

Petitioner Christopher Shinholster ("Petitioner") filed a petition seeking a writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1). Respondent is Margaret Bradshaw ("Respondent"), Warden of Richland Correctional Institution where Petitioner is incarcerated. Following remand from the Sixth Circuit, on December 18, 2014, this Court ordered the state trial court to vacate one of Petitioner's concurrent convictions and sentences within ninety days. (Doc. 24). Petitioner now moves to modify the mandate (Doc. 25) and vacate and amend the same order under Federal Rule of Civil Procedure 60(b)(6) (Doc. 30). Respondent moves to transfer both motions to the Sixth Circuit as second or successive petitions; or, alternatively, opposes both. (Doc. 31). Petitioner filed a response. (Doc. 33).

This matter has been referred to the undersigned for a Report and Recommendation pursuant to Local Rule 72.2. (Non-document entry dated April 27, 2016). Following review, the undersigned recommends the Court grant Respondent's motion (Doc. 31) and transfer Petitioner's motions (Docs. 25, 30) to the Sixth Circuit.

## FACTUAL BACKGROUND

On July 23, 2009, a narcotics division detective from the Summit County Sheriff's Department identified a suspicious package at a local FedEx distribution center. The Akron police performed a controlled delivery of the package to the targeted residence—an address on Hardesty Boulevard. Before the delivery, police identified a silver Bonneville parked in front of the target residence with Petitioner sitting in the driver's seat looking toward the house. Shortly after the delivery, police witnessed the same car pull into a nearby driveway. Petitioner was in the driver seat of the car.

When police stopped the car, Petitioner exited and was unable to explain why he was in the area or the names of anyone living in the neighboring house where he was parked. He had $720 on his person and a receipt for a shipment made three days earlier from the Hardesty Boulevard address to an address in Pearland, Texas—the same city from which the package was sent. (Doc. 6-1, at 97-98).

## PROCEDURAL BACKGROUND

Respondent accurately summarized the lengthy procedural history; therefore, it is incorporated herein with only minor changes. (Doc. 31, at 2-10).

In the July term of 2009, the Summit County Grand Jury indicted Petitioner for one count of possession of cocaine and one count of trafficking in cocaine. (Doc. 6-1, at 1-3). Each count carried a major drug offender ("MDO") specification and two criminal forfeiture specifications. *Id.* After trial, the jury found Petitioner guilty on both counts. (Doc. 6-1, at 25, 27). On March 1, 2010, the trial court sentenced Petitioner to ten years for Count One (possession) concurrently with a ten-year sentence for Count Two (trafficking). (Doc. 6-1, at 33-35). The trial court further sentenced Petitioner to five year terms on each of two MDO specifications attached to the

counts. *Id.* These five-year terms were to be served concurrent to each other and consecutive to the ten-year terms on each count, for an aggregate term of fifteen years. *Id.*[1]

Petitioner, through new counsel, appealed in the Ohio Court of Appeals. (Doc. 6-1, at 36). He filed his brief September 8, 2010, but did not raise a claim that allied offenses of similar import (possession and trafficking) should have been merged at sentencing. (Doc. 6-1, at 37). It was this deficiency on the part of appellate counsel that the Sixth Circuit later said merited a remand for issuance of the writ of habeas corpus. The Ohio Court of Appeals issued its decision affirming the conviction on May 11, 2011. (Doc. 6-1, at 97).

After the Ohio Supreme Court declined jurisdiction (Doc. 6-1, at 148) and Petitioner had litigated an unsuccessful application for reopening under Ohio App. R. 26(B) (Doc. 6-1, at 149-57, 179-81), Petitioner filed his petition for writ of habeas corpus in this Court (Doc. 1). This Court denied the petition. (Doc. 16). Petitioner appealed. (Doc. 19).

The Sixth Circuit Court of Appeals granted a certificate of appealability on the following issue: "whether [Petitioner] was denied effective assistance of appellate counsel when counsel failed to raise on direct appeal a claim challenging [Petitioner's] convictions as allied offenses of similar import under Ohio law and seeking dismissal of one of his convictions and sentences on double jeopardy grounds." (Doc. 31-1, at 55).

---

1. The full sentence was as follows: The trial court found Petitioner to be a MDO as contained in the specifications on both counts. The court sentenced Petitioner to a mandatory prison term of five years for each MDO Specification and a mandatory ten years each for the possession of cocaine and the trafficking in cocaine convictions, and a mandatory period of five years post release control for each conviction. The MDO sentence would be served consecutively to each ten year sentence, and the sentences for Count One (possession) and Count Two (trafficking) would be served concurrently to each other, for an aggregate sentence of fifteen years for both counts and the attached specifications. Petitioner was also fined five thousand dollars. (Doc. 6-1, at 33-35).

3

The Sixth Circuit ultimately found merit to the claim. The court first discussed the relevant legal standard:

> The Double Jeopardy Clause prohibits multiple punishments for the same criminal act. *Monge v. California*, 524 U.S. 721, 727-28 (1998). Ohio incorporates this double jeopardy principle in Ohio Revised Code § 2941.25(A), which permits a defendant to be charged with multiple counts based on the same conduct but to be convicted of only one of the charged offenses. "[T]wo offenses are allied when they 'correspond to such a degree that the conduct of the defendant constituting commission of one offense constitutes commission of the othe[r].'" *Ortiz v. Wolfe*, 466 F. App'x 465, 466 (6th Cir. 2012) (quoting *State v. Johnson*, 942 N.E.2d 1061, 1070 (2010)).
>
> The Ohio Supreme Court has examined the issue of whether possession of a controlled substance and trafficking in a controlled substance are allied offenses of similar import. *State v. Cabrales*, 886 N.E.2d 181, 188 (Ohio 2008).
>
> * * *
>
> [T]he state supreme court concluded that drug possession under § 2925.11(A) and drug trafficking under Ohio Revised Code § 2925.03(A)(2) "are allied offenses of similar import because commission of the first offense necessarily results in commission of the second." *Id*. The court explained that an offense under § 2925.03(A)(2) requires an offender to "knowingly prepare for shipment, ship, transport, deliver, prepare for distribution, or distribute" drugs, and those acts cannot be performed without possession of the drugs. *Id*.

(Doc. 31-1, at 56).

The court then examined the facts and circumstances of Petitioner's convictions and found that he had in fact received ineffective assistance of counsel. The court said:

> The language of Shinholster's indictment mirrors the language set forth in § 2925.03(A)(2), and, under *Cabrales*, also requires possession of the drug trafficked. 886 N.E.2d at 188. Thus, Shinholster was indeed convicted of the type of drug trafficking that is an allied offense of drug possession under Ohio law. *See id*. Thus, on direct appeal, Shinholster's counsel should have challenged his convictions and sentences for both cocaine possession and trafficking, and the failure to do so amounted to deficient performance.

(Doc. 31-1, at 57). The court further concluded that Petitioner had been prejudiced by counsel's deficient performance and stated a "second conviction, even if it results in no greater sentence, is an impermissible punishment." *Ball v. United States*, 470 U.S. 856, 865 (1985). (Doc. 31-1, at

4

57). Finally, the court concluded: "Because [Petitioner's] convictions are allied offenses of similar import under Ohio law, appellate counsel performed ineffectively by failing to raise a double jeopardy claim on direct appeal and to advocate dismissal of one of [Petitioner's] convictions and sentences." (Doc. 31-1, at 57-58). The Sixth Circuit therefore reversed in part this Court's judgment and remanded "for proceedings consistent with its opinion." (Doc. 31-1, at 58). The mandate issued December 18, 2014. (Doc. 23).

On remand, this Court issued an order that concluded: "Accordingly, based on the Sixth Circuit's opinion in this case, the Court grants [Petitioner's] habeas petition. The trial court has ninety days to determine which of Petitioner's two convictions and concurrent sentences to vacate." (Doc. 24). Petitioner did not appeal this order within 30 days pursuant to Federal Civil Rule 4(a)(1)(A).

Thereafter, on January 5, 2015, the state trial court scheduled a hearing. (Doc. 31-1, at 96). A week prior to that hearing, Petitioner, *pro se*, on January 13, 2015, filed a memorandum regarding the effect of House Bill 86 on his sentence. (Doc. 31-1, at 1-2). He argued that when a case is remanded to the trial court to correct an allied-offenses sentencing error, the trial court must hold a new sentencing hearing for the offenses that remain after the state makes its election. *Id.* (citing *State v. Wilson*, 129 Ohio St.3d 214, 951 N.E.2d 381, 2011-Ohio-2669 (Ohio 2011)). He further argued that House Bill 86 went into effect on September 30, 2011. *Id.* The effective date of the bill came after his original sentencing held February 24, 2010, but before the election hearing held January 21, 2015. Petitioner sought to persuade the state trial court that House Bill 86 should apply, thereby reducing his aggregate sentence. *Id.*

The trial court then held a hearing January 21, 2015, at which it vacated the March 1, 2010, sentence and conviction for possession of cocaine as contained in Count One of the

5

indictment, as well as the MDO and criminal forfeiture specifications attached to Count One. (Doc. 28-1, at 1). The court's entry concluded: "The remainder of this Court's March 1, 2010 sentence remains in full force and effect. IT IS SO ORDERED." *Id*.

At the hearing, the trial court discussed the memorandum regarding House Bill 86 that Petitioner had filed. (Doc. 30-3, at 1-9). The court noted that the memorandum had not been served on the state and contained no certificate of service. The court also stated that the January 21, 2015, hearing was for the sole purpose of implementing this Court's order directing that one of Petitioner's convictions and sentences be vacated, and that nothing in this Court's order had said "resentence." *Id*. at 6-7. Rather, the hearing was what the state characterized as "an election hearing," in which the state would elect which sentence to vacate. *Id*. at 3, 6-7. Accordingly, Petitioner's memorandum regarding House Bill 86 was found to be not properly before the court and so was not considered, and the trial court explicitly declined to characterize the proceeding as a "resentencing." *Id*. at 7-8. In sum, the trial court stated that, pursuant to this Court's order, the possession count and the two specifications attached to it, as well as the fifteen-year concurrent sentence associated with that count and specification, were vacated. *Id*. at 7-8. On the other hand, the trafficking count, and the MDO and forfeiture specifications attached to it, and the fifteen-year sentence associated with that count and specification, were not vacated. *Id*. at 8.

On February 17, 2015, Petitioner appealed to the Ohio Court of Appeals. In his brief, which appointed counsel filed May 1, 2015, he raised three assignments of error:

> FIRST ASSIGNMENT OF ERROR
> The trial court committed plain error by failing to conduct a de novo resentencing hearing to remedy the allied offense sentencing error identified by the Sixth Circuit Court of Appeals.

6

> SECOND ASSIGNMENT OF ERROR
> The trial court erred in failing to apply the law as establbished [sic] under Ohio House Bill 86 to Defendant's Resentencing Hearing.
>
> THIRD ASSIGNMENT OF ERROR
> The trial court committed reversible error when it denied defense counsel's request for time to review the grant of habeas corpus and the memorandum filed pro se by Shinholster regarding House Bill 86.

(Doc. 3-1, at 7). Petitioner argued that, after remand by the Sixth Circuit, the trial court was bound under Ohio law to hold a de novo resentencing hearing on the state's elected offense. Because such a de novo resentencing was required, he further argued that the trial court had to apply the newer sentencing standards established under House Bill 86. The trial court, Petitioner argued, improperly failed to do either of these things. *Id*. at 8.

Accordingly, Petitioner asked that the decision of the trial court be reversed and the case be remanded for a de novo resentencing applying House Bill 86. He claimed that the net effect would be his receipt of a mandatory maximum sentence of eleven years on the trafficking count alone, without any separate time added for the MDO specification. *Id.* at 9. The state responded (Doc. 31-1, at 32) and Petitioner replied. (Doc. 31-1, at 63).

The Ohio Court of Appeals on December 9, 2015, affirmed the judgment of the trial court. *State v. Shinholster*, No. 27687, 2015 WL 8348748 (Ohio App. 9th Dist. Dec. 9, 2015). The court said:

> {¶ 6} In his first and second assignments of error, Mr. Shinholster argues that the court erred when, upon remand from the federal district court, it did not conduct a de novo sentencing hearing and sentence him based upon the sentencing laws in effect at the time of the hearing. We disagree.
>
> {¶ 7} If a trial court sentences an offender on allied offenses of similar import, the resulting sentence is contrary to law, but it is not void. *State v. Wilson*, 9th Dist. Summit No. 27361, 2015–Ohio–2023, ¶ 11. The error merely renders the sentence voidable and subject to correction. See *id*. When a reviewing court reverses a judgment as a result of an allied offense error, the court generally will vacate the affected portion of the sentence and remand the matter for a de novo sentencing

7

hearing at which the State will elect the offense(s) upon which it wishes to proceed. See *State v. Wilson*, 129 Ohio St.3d 214, 2011–Ohio–2669, ¶ 13–15; *State v. Whitfield*, 124 Ohio St.3d 319, 2010–Ohio–2, paragraphs one and two of the syllabus. Even so, "a number of discretionary and mandatory limitations may apply to narrow the scope of a particular resentencing hearing." *Wilson*, 129 Ohio St.3d 214, 2011–Ohio–2669, at ¶ 15. For example, "the sentences for any offenses that were not affected by the appealed error are not vacated and are not subject to review." *Id.*, citing *State v. Saxon*, 109 Ohio St.3d 176, 2006–Ohio–1245, paragraph three of the syllabus. See also *State v. Stovall*, 9th Dist. Medina No. 07CA0027–M, 2008–Ohio–272, ¶ 5 (apart from correcting void sentences and clerical errors, trial courts lack authority to reconsider their own valid final judgments).

{¶ 8} When issuing a writ of habeas corpus, "the choice of habeas remedy lies within the district court's sound discretion * * *." *Gentry v. Deuth*, 456 F.3d 687, 697 (6th Cir.2006). Here, the district court chose to remand this matter to the trial court with an instruction to the court to vacate one of Mr. Shinholster's convictions. Mr. Shinholster did not appeal from the district court's ruling so as to challenge its choice of remedy, so he cannot now contest it. See *Ford Motor Credit Co., L.L.C. v. Collins*, 8th Dist. Cuyahoga No. 101405, 2014–Ohio–5152, ¶ 17 ("Ohio constitutional and statutory law provides that [state appellate courts] have no jurisdiction to * * * review federal district court decisions."), citing *State v. Fawcett*, 91 Ohio St.3d 1, 3 (2000) and *Sundstrom v. Sundstrom*, 11th Dist. Ashtabula No.2005–A–0013, 2006–Ohio–486, ¶ 31. Moreover, the trial court could not simply ignore the district court's mandate and conduct his resentencing as it saw fit. See generally *Gentry* at 696–697; *State v. Slagle*, 2d Dist. Montgomery No. 23934, 2012–Ohio–1575, ¶ 42; *Hegedus v. Hegedus*, 8th Dist. Cuyahoga No. 42268, 1980 WL 355471, *1 (Dec. 24, 1980). The district court's order essentially constituted a mandatory limitation on the scope of Mr. Shinholster's particular resentencing hearing. See *Wilson*, 129 Ohio St.3d 214, 2011–Ohio–2669, at ¶ 15.

{¶ 9} Unlike the defendants in the allied offense cases upon which he relies, Mr. Shinholster exhausted his state court remedies without obtaining a reversal of his judgment of conviction. Accordingly, no court in this State vacated any portion of his sentence or remanded this matter for a de novo sentencing hearing. Had Mr. Shinholster's judgment of conviction been reversed and his sentences vacated pursuant to that determination, the trial court would have been obligated to conduct a de novo sentencing. See *id.* at ¶ 13–15. However, Mr. Shinholster obtained relief through a writ of habeas corpus, and, in granting his writ, the district court did not vacate any portion of his sentence. Instead, the district court ordered the trial court, within 90 days, "to determine which of [his] two convictions and concurrent sentences to vacate." By allowing the State to elect the offense upon which it wished to proceed and then vacating Mr. Shinholster's other offense, the trial court complied with the mandate of the district court and did not exceed its authority upon remand. Mr. Shinholster has not shown that the

> trial court erred by resentencing him in accordance with the federal district court's mandate. See App.R. 16(A)(7). Accordingly, his first and second assignments of error are overruled.

(Doc. 31-1, at 89-91).

Petitioner appealed to the Ohio Supreme Court. (Doc. 31-1, at 74). The state waived response. (Doc. 31-1, at 95). The Ohio Supreme Court declined jurisdiction of Petitioner's appeal. *State v. Shinholster*, 145 Ohio St.3d 1425 (Ohio Mar. 23, 2016). Meanwhile, less than two weeks after the Ohio Court of Appeals affirmed the trial court's judgment after remand, Petitioner on December 16, 2015, moved to modify the order this Court had issued a year earlier on Dec. 18, 2014. (Doc. 25). In that order, this Court, on remand from the Sixth Circuit, granted the habeas petition and ordered the trial court to determine which of Petitioner's two convictions and sentences to vacate. (Doc. 24).

Respondent moved to stay consideration of Petitioner's motion to modify pending the outcome of state court proceedings (Doc. 28) which this Court granted (Doc. 29).

On April 5, 2016, after the Ohio Supreme Court declined jurisdiction and the state proceedings concluded, Petitioner filed the instant motion to vacate and amend judgment pursuant to Fed. R. Civ. P. 60(b). (Doc. 30).

## DISCUSSION

Respondent moves to transfer both Petitioner's Rule 60(b) motion (Doc. 30) and his motion to modify (Doc. 25) to the Sixth Circuit for consideration as a second or successive habeas corpus petition (Doc. 31). In the alternative, Respondent opposes both motions and asks that they be denied. *Id.*

Federal Civil Rule 60(b) Motion

Petitioner brings one motion under Federal Civil Rule 60(b)(6). (Doc. 30). Rule 60(b) offers relief from a judgment or order and may be granted under the following circumstances:

(1) Mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgement has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Motion to Modify

Plaintiff also asks the Court to modify its December 18, 2014, order by instructing the trial court to hold a new sentencing hearing. (Doc. 25). Because this is essentially the same request as in his Rule 60(b) motion, the undersigned considers them together.

Second or Successive Petitions

As an initial matter, the Court must determine whether the motions qualify as successive petitions. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") greatly restricts the power of federal courts to award habeas relief to state prisoners who have already filed § 2254 petitions. Indeed, in certain circumstances, AEDPA precludes a district court from reviewing subsequent petitions. As amended by the AEDPA, 28 U.S.C. §2244 provides:

10

> (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless:
>
>> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>
>> (B) (i) the factual predicate for the claim could not have been discovered previously though the exercise of due diligence; and
>>
>> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b).

"A motion under Rule 60(b) may be treated as a second or successive habeas petition if necessary to enforce the requirements of the AEDPA." *Tyler v. Anderson*, 749 F.3d 499, 506 (6th Cir. 2014) (citing *Gonzalez v. Cosby*, 545 U.S. 524, 531-32 (2005). The Sixth Circuit has set out guidelines for determining whether a Rule 60(b) motion qualifies as a successive petition.

> For purposes of § 2244(b), "an 'application' for habeas relief is a filing that contains one or more 'claims.'" *Gonzalez*, 545 U.S. at 530. A motion contains a "claim," and is thus a successive habeas petition, if it asserts a "federal basis for relief from the state court's judgment of conviction," *id*., by "seek[ing] to add a new ground for relief" or "attack[ing] the federal court's previous resolution of a claim *on the merits*," *id*. at 532. For present purposes, the term "on the merits" refers "to a determination that there exist or do not exist grounds entitling the petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d)." *Id*. at 532 n.4. "A habeas petitioner's filing that seeks vindication of such a claim is, if not in substance a 'habeas corpus application,' at least similar enough that failing to subject it to the same requirements would be 'inconsistent with' the statute." *Id*. at 531 (citing 28 U.S.C. § 2254 Rule 11).
>
> By contrast, a motion does not attack a determination on the merits, and is thus

11

> not a successive habeas petition, when it "merely asserts that a previous ruling which precluded a merits determination was in error—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." *Id*. at 532 n.4. Further, a motion does not present a claim when it does not attack "the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," *id*. at 532, such as fraud on the federal habeas court, *id*. at 532 n.5. In short, a motion is not a successive habeas petition "if it does not assert, or reassert, claims of error in the movant's state conviction." *Id*. at 538.

*Tyler*, 749 F.3d at 506-07.

Here, Respondent argues the motions qualify as second or successive petitions and, therefore, should be transferred to the Sixth Circuit. *See* 28 U.S.C. § 2244(b). Petitioner asserts they are not second or successive petitions and are, thus, properly before this Court.

Respondent first argues that the motions constitute successive petitions because they not only contain one or more claim, but also "attack the federal court's previous resolution of a claim on the merits." (Doc. 31, at 13- 14). Specifically, Respondent asserts that Petitioner raises for the first time in federal court the following claims: (1) the trial court erred by failing to provide him a de novo resentencing hearing in 2015; (2) the trial court erred by failing to apply the amended penalty provisions of House Bill 86 to him in imposing sentence, which he alleges would lessen his aggregate sentence; and (3) that the ineffective assistance of his appellate counsel prejudiced him not only because he was punished for allied offenses in violation of the Double Jeopardy Clause, but also because he was punished improperly under changed Ohio law with a prison term for the MDO specification attached to the remaining trafficking count. *See* (Doc. 31, at 13-14).

For his part, Petitioner admits bringing these three items to the courts attention, but states "he never advanced these issues as substantive claims for relief", but rather "for the purposes of demonstrating [that] had the Court ordered a de novo resentencing hearing [Petitioner] would have been afforded these sentencing considerations." (Doc. 33, at 5). Petitioner argues that the

motions do not qualify as successive petitions under *Tyler*, because they do not raise a claim, but rather challenge the district court's procedural error. (Doc. 30, at 4).

Petitioner directly challenges this Court's December 18, 2014, order, asking that it be modified or amended. Regardless of whether Petitioner now asserts new claims for relief, his motions still qualify as successive petitions because his challenge to this Court's resolution on the merits independently presents a new claim under *Tyler*. ("A motion contains a 'claim,' and is thus a successive habeas petition, if it asserts a 'federal basis for relief from the state court's judgment of conviction,' by 'seek[ing] to add a new ground for relief' or 'attack[ing] the federal court's previous resolution of a claim *on the merits*'. . . . [T]he term 'on the merits' refers 'to a determination that there exist or do not exist grounds entitling the petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d).'") *Tyler*, 749 F.3d at 571.

In its December 18, 2014, order this Court granted Petitioner's habeas petition on the substantive basis of his ineffective assistance of appellate counsel claim and ordered the trial court to determine which of Petitioners two convictions and concurrent sentences to vacate—which it did. Petitioner now challenges this resolution; therefore, the matter should be transferred to the Sixth Circuit—rather than dismissed—pursuant to Sixth Circuit precedent. *See In re Smith*, 690 F.3d 809, 810 (6th Cir. 2012) (directing district courts to transfer successive petitions to the Sixth Circuit for want of jurisdiction under 28 U.S.C. § 1631, even in light of *Magwood v. Patterson*, 561 U.S. 320, 331 (2010), which directs district courts to dismiss such petitions); *see also Barclay v. Tibbles*, 2014 U.S. Dist. LEXIS 25982, at *9, n.1  (N.D. Ohio Feb. 28, 2014) (transferring successive grounds for relief to the Sixth Circuit, pursuant to precedent).

## CONCLUSION AND RECOMMENDATION

Following review, the undersigned recommends the Court grant Respondent's motion to transfer (Doc. 31), and transfer both Petitioner's Motion to Modify (Doc. 25) and his Rule 60(b) motion (Doc. 30) to the Sixth Circuit for review and adjudication.

s/James R. Knepp, II
United States Magistrate Judge

*ANY OBJECTIONS* to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).