# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER SHINHOLSTER,** | ) | CASE NO. 5:12 CV 2495 |
| | ) | |
| Petitioner, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| vs. | ) | **OPINION AND ORDER** |
| | ) | |
| **MARGARET BRADSHAW, Warden,** | ) | |
| | ) | |
| Respondent. | ) | |

Pending for ruling before the Court are the following documents:

1) Petitioner's Motion to Modify Mandate (**Doc #: 25**);

2) Petitioner's Motion to Vacate and Amend Judgment Pursuant to Federal Civil Rule 60(b) ("Rule 60(b) Motion") (**Doc #: 30**);

3) Respondent's Motion to Transfer, or in the Alternative, Respondent's Opposition to [Petitioner's Motions] ("Respondent's Motion to Transfer") (**Doc #: 31**);

4) Report and Recommendation ("R & R") (**Doc #: 34**);

5) Objections to Magistrate's Report and Recommendation ("Objection") (**Doc #: 37**); and

6) Respondent's Motion for Extension of Time to Respond to Petitioner's Objections (**Doc #: 38**).

Magistrate Judge James R. Knepp, II, to whom all the motions were transferred for the preparation of an R & R, recommends that the Court grant Respondent's Motion to Transfer (Doc #: 31) and transfer Petitioner's motions (Doc ##: 25, 30) to the Sixth Circuit for authorization to file them as second or successive § 2254 petitions. Petitioner Christopher

Shinholster has filed Objections (Doc #: 37), and Respondent has asked for an extension of time to respond to Petitioner's Objections (Doc #: 38). For the reasons to follow, Petitioner's Rule 60(b) Motion (**Doc #: 30**) is **GRANTED**. This ruling renders **moot** the R & R and all other motions (**Doc ##: 25, 31, 34, 37,** and **38**).

**I.**

On February 18, 2010, a jury found Shinholster guilty of possession of, and trafficking in, cocaine and associated specifications. Based on the jury's drug-quantity finding, the court found Shinholster guilty of the major drug offender ("MDO") specification for each conviction. The trial court imposed concurrent ten-year prison sentences for the two convictions, and concurrent five-year prison sentences for the attendant MDO specifications to run consecutively to the ten-year sentences, for a total prison sentence of fifteen years. The convictions and sentences were affirmed on appeal and the Supreme Court of Ohio denied leave to appeal. Shinholster filed an application to reopen his direct appeal under Ohio Rule of Appellate Procedure 26(B), which was denied, and the Ohio Supreme Court dismissed his subsequent appeal.

On October 5, 2012, Shinholster timely filed the within petition seeking a writ of habeas corpus under 28 U.S.C. § 2254 alleging seven grounds for relief ("Petition"). (Doc #: 1.) The Court denied the Petition and a certificate of appealability. (Doc #: 13.) The Sixth Circuit subsequently granted a certificate of appealability identifying a single question:

> [W]hether Shinholster was denied effective assistance of appellate counsel when counsel failed to raise on direct appeal a claim challenging Shinholster's convictions as allied offenses of similar import under Ohio law and seeking dismissal of one of his convictions and sentences on double jeopardy grounds.

(Doc #: 22 at 3.) The Sixth Circuit analyzed the issue and concluded,

> Because Shinholster's convictions are allied offenses of similar import under Ohio law, appellate counsel performed ineffectively by failing to raise a double jeopardy claim on direct appeal and to advocate dismissal of one of Shinholster's convictions and sentences.
>
> Accordingly, we reverse in part the district court's judgment and remand this case for further proceedings consistent with this opinion.

(Id. at 4–5.)

On December 18, 2014, following remand, the Court issued a Memorandum of Opinion and Order granting the Petition with the following directive,

> The trial court has ninety days to determine which of Petitioner's two convictions and concurrent sentences to vacate.

(Doc #: 24 at 2.)

Thereafter, the state trial court scheduled the matter for a hearing and appointed counsel for Shinholster. Eight days later, Shinholster filed a *pro se* motion entitled "Memorandum of House Bill 86's Impact on Resentencing Hearing." (Doc #: 31-1.) Shinholster cited *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, for its holding that, "[w]hen a cause is remanded to a trial court to correct an allied-offenses sentencing error, the trial court must hold a new sentencing hearing for the offenses that remain after the state selects which allied offense or offenses to pursue." (Id. at 1 (citing *Wilson* at ¶ 7). Shinholster argued that, when resentencing him, the court must apply the more lenient sentencing laws that went into effect after his original sentence. (Id. at 2.) In support, he cited *State v. Allen*, 10th Dist. No. 13AP-460, 2014-Ohio-1806, for its holding that, "[f]ollowing the adoption of H.B. No. 86, a trial court no longer ha[s] the discretion to apply an additional one- to ten-year mandatory prison term for the major drug offender classification." (Id. at 2 (citing *Allen* at ¶ 9).)

//

On January 21, 2015, the state trial court held the hearing at which time it declined to characterize the proceeding as a *de novo* resentencing hearing or to consider Shinholster's H.B. 86 argument because this Court ordered the state trial court to "vacate either the trafficking or possession sentences, so to speak, and attached specification. That is what I believe we are here for today." (Doc #: 30-3 at 3.) More specifically, when the state trial court ask Shinholster's lawyer (Mr. Laybourne) if he wished to argue Shinholster's motion, he responded that he had just heard about the Memorandum the day before the hearing when he spoke with Shinholster's previous lawyer (Mr. Bowler), and asked for time to read the Memorandum, research the law, and argue it at a later date. (Id. at 5.) When the court asked the prosecutor his opinion, he responded that Shinholster's motion was not properly before the court, and argued that the federal district court's remand order was "very specific in its directions to this court, and that was to elect which sentence to vacate, whether it is the possession of cocaine charge or the trafficking in cocaine charge, with the accompanying specifications. We are not here for a resentencing." (Id. at 5–6.) The court observed, "There is nothing in this order that says resentence," and determined that, "[w]hile under almost every circumstance the court would certainly grant defense counsel time that's requested, . . . there is nothing in Judge Polster's order that would raise to the level of doing so in this case." (Doc #: 30-3 at 6–7.) With that, the state trial court vacated Shinholster's conviction for possession and the attached specifications. The trafficking conviction, the attached specifications, and the fifteen-year aggregate sentence were not vacated.

Shinholster appealed the state trial court's judgment to the Ohio appeals court raising three assignments of error, all related to the trial court's failure to conduct a *de novo*

resentencing hearing on the trafficking conviction and specifications. Therein, the appeals court reasoned,

> When issuing a writ of habeas corpus, the choice of habeas remedy lies within the district court's sound discretion. . . . Here, the district court chose to remand this matter to the trial court with an instruction to the court to vacate one of Mr. Shinholster's convictions. Mr. Shinholster did not appeal from the district court's ruling so as to challenge its choice of remedy, so he cannot now contest it. See *Ford Motor Credit Co., L.L.C. v. Collins*, 8th Dist. Cuyahoga No. 101405, 2014-Ohio-5152, ¶ 17 ("Ohio constitutional and statutory law provides that [state appellate courts] have no jurisdiction to * * * review federal district court decisions.") . . . Moreover, the trial court could not simply ignore the district court's mandate and conduct his resentencing as it saw fit. . . . The district court's order essentially constituted a mandatory limitation on the scope of Mr. Shinholster's particular resentencing hearing. . . .

*State v. Shinholster*, 9th Dist. Summit No. 27687, 2015-Ohio-5098, at ¶ 8 (citations and inner quotation marks omitted). The court noted that if Shinholster had obtained a reversal of his conviction and sentence by successfully exhausting his state court remedies, the trial court would have been "obligated" to conduct a *de novo* sentencing. *Id*. ¶ 9. However,

> [b]y allowing the State to elect the offense upon which it wished to proceed and then vacating Shinholster's other offense, the trial court complied with the mandate of the district court and did not exceed its authority upon remand.

*Id*. Thus, on December 9, 2015, the appeals court affirmed the trial court's ruling.

On December 21, 2015, Shinholster filed the pending Motion to Modify Mandate. (Doc #: 25.) There, Shinholster updated this Court on what had happened since the Court issued its remand order. Shinholster argued that he had no reason to believe the Ohio courts would refuse to follow the unambiguous directives from the Ohio Supreme Court in *Wilson* and in the absence of the relief sought, he would have no remedy available to challenge any portion of the new sentence imposed. (Id. at 4–5.)

//

On January 19, 2016, Shinholster appealed the appeals court decision to the Ohio Supreme Court and filed his memorandum in support of jurisdiction and, on January 22, 2016, the State waived a response.  (Doc #: 31-6.)

On January 25, 2016, Respondent asked this Court to stay Shinholster's motion to modify because a decision by the Ohio Supreme Court might render Shinholster's motion moot. (Doc #: 28 at 5.)  Respondent also noted that Shinholster "himself chose to raise his challenge in state court first."  (Id.)  The Court granted the motion.  (Marginal Entry Order 3/9/16.)

On March 23, 2016, the Ohio Supreme Court declined jurisdiction.  *State v. Shinholster*, 145 Ohio St.3d 1425, 2016-Ohio-1173.

Less than two weeks later, on April 5, 2016, Shinholster filed the pending Rule 60(b) Motion.  (Doc #: 30.)  Shinholster contended that his Rule 60(b) Motion was timely because he did not recognize this problem until December 9, 2015, when the state appeals court articulated its reasons for rejecting his *Wilson* argument.

On April 13, 2016, Respondent filed the pending Motion to Transfer.  (Doc #: 31.) Therein, Respondent contended that Shinholster was now trying to raise in this closed federal habeas proceeding new habeas claims, i.e., the state court erred by failing to provide him with a *de novo* sentencing hearing in 2015, and the state court erred by failing to apply the amended penalty provisions of H.B. 86 to him in that hearing.  (Id. at 13.)  Respondent urged the Court to treat Shinholster's motions as a request for authorization to file a second or successive petition, and transfer the case to the Sixth Circuit to consider such authorization.  (Id. at 12–14.)  In the alternative, Respondent contended that the Rule 60(b) Motion should be denied because Shinholster did not appeal the district court's December 18, 2014, ruling within 30 days after

that ruling. (Id. at 14–15 (citing Fed. R. App. P. 4(a)).) On April 26, 2016, Shinholster responded to Respondent's Motion, insisting that his motions should not be construed as a second or successive petition because "said motions only sought to challenge the District Court's erroneous narrow interpretation of the Sixth Circuit's November 26, 2014, ruling." (Doc #: 33 at 2.)

After reviewing the record, the Magistrate Judge issued the pending R & R recommending that the Court grant Respondent's Motion to Transfer (Doc #: 31). (Doc #: 34.) Shinholster objected to the R & R, again claiming that he is not bringing new claims; rather, he is asking the Court for relief from judgment to modify its December 18, 2014 order. (Doc #: 37.)

**II.**

Rule 60(b) provides in pertinent part,

> On motion and upon just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . ., misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed.R.Civ.P. 60(b). Shinholster brings this motion under (6) (the "catch-all provision").

The relief available under Rule 60(b) "is extraordinary and may be granted only upon a showing of exceptional circumstances." *Stotts v. Memphis Fire Dept.*, 679 F.2d 541, 562 (6th Cir. 1982), *rev'd on other grounds*, 467 U.S. 561 (1984). Whether to grant Rule 60(b) relief is within the district court's discretion. *Marshall v. Monroe & Sons, Inc.*, 615 F.2d 1156, 1160 (6th Cir. 1980); *Williams v. Arn*, 654 F.Supp. 241, 246 (N.D. Ohio 1987). Generally, Rule 60(b)

exists as a mechanism to "balance between the conflicting principles that litigation must be brought to an end and that justice must be done." *Weatherford v. Carnes*, No. 2:09-cv-581, 2009 WL 3756849, at *2 (S.D. Ohio Nov. 6, 2009) (citing *Charter Township of Muskegon v. City of Muskegon*, 303 F.3d 755, 760 (6th Cir. 2002)). A Rule 60(b) Motion based on the catch-all provision must be made within a reasonable period of time. Fed.R.Civ.P. 60(c)(1). Having reviewed the record and cases, the Court is prepared to issue its ruling.

### III.

When the Sixth Circuit reversed my ruling and concluded that Shinholster's convictions were allied offenses of similar import in violation of the Double Jeopardy clause, my task was to send the case back to state court with the directive to correct the Double Jeopardy error. *State v. Wilson* was not cited by either the Sixth Circuit or me. I did not intend, and in fact I do not possess the authority, to impose a "mandatory limitation" on the state trial court's obligation to follow Ohio Supreme Court law as articulated in *Wilson*:

> When a cause is remanded to a trial court to correct an allied-offenses sentencing error, the trial court must hold a new sentencing hearing for the offenses that remain after the state selects which allied offense or offenses to pursue. A defendant is not barred by *res judicata* from raising objections to issues that arise in a resentencing hearing, even if similar issues arose and were not objected to at the original sentencing hearing.

129 Ohio St.3d 214, 2011-Ohio-2669, at ¶ 7. My order was not intended to tacitly overrule the Ohio Supreme Court on a matter of state law. If state law requires the state trial court to conduct a *de novo* resentencing hearing following the correction of an allied-offenses error, then the trial court should conduct a *de novo* resentencing hearing. Accordingly, I grant Shinholster's Rule 60(b) Motion.

//

In doing so, I reject Respondent's argument that Shinholster "chose" not to raise this issue until he went to state court. There was no reason for Shinholster to raise this argument any earlier because he assumed that the state court would follow Ohio Supreme Court law. To this day, there is no other case that distinguishes between state and federal remands when it comes to resentencing criminal defendants based on allied-offenses errors. Respondent cannot rest its position on this Court's failure to cite *Wilson* in my order.

The Court also rejects Respondent's argument that Shinholster's Rule 60(b) Motion is untimely. Shinholster filed the Rule 60(b) Motion less than two weeks after the Ohio Supreme Court declined jurisdiction to entertain Shinholster's appeal. Even Respondent asked the Court to stay litigation of Shinholster's earlier motion because of its belief that a decision by the Ohio Supreme Court could render Shinholster's motion moot. Consequently, it was not unreasonable for Shinholster to wait until the Ohio Supreme Court declined jurisdiction to hear his appeal before filing his Rule 60(b) Motion.

And finally, the Court concludes that Shinholster is not trying to raise new habeas claims requiring Sixth Circuit authorization. He is merely asking this Court to clarify that its December 18, 2014 judgment should not be construed to deprive him of the resentencing hearing to which he may be entitled under state law.

**IV.**

Accordingly, the Petitioner's Rule 60(b) Motion (**Doc #: 30**) is **GRANTED**. In granting this motion, the Court clarifies that its December 18, 2014 ruling was not meant to limit the trial court's application of *Wilson* or any other Ohio procedural rule. The Court is also not passing on

the merits of Shinholster's H.B. 86 argument.  This ruling renders **moot** the R & R and all other motions (**Doc ##: 25, 31, 34, 37, 38**).

Furthermore, pursuant to 28 U.S.C. §2253(c) and Fed. R. App. P. 22(b), there is no basis upon which to issue a certificate of appealability.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

<u> /s/ Dan A. Polster     9/16/2016 </u>
**Dan Aaron Polster**
**United States District Judge**