UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **CHRISTOPHER SHINHOLSTER,** ) | **CASE NO. 5:12 CV 2495** |
| ) | |
| Petitioner, ) | **JUDGE DAN AARON POLSTER** |
| ) | |
| vs. ) | <u>**OPINION AND ORDER**</u> |
| ) | |
| **MARGARET BRADSHAW, Warden,** ) | |
| ) | |
| Respondent. ) | |

This case is before the Court on Petitioner Christopher Shinholster's Motion to Issue an Order Granting an Unconditional Writ of Habeas Corpus. (**Doc #: 43** ("Motion").) Shinholster now asks the Court to modify its original order granting a conditional writ of habeas corpus issued on December 18, 2014 (Doc #: 24) and to enter an order granting an unconditional writ.[1] (Id.)

On September 16, 2016, the Court issued an Opinion and Order granting Shinholster's Rule 60(b) Motion, clarifying that its December 18, 2014 ruling was not meant to limit the state trial court's application of *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669 or any other Ohio procedural rule to Shinholster's sentence. (Doc #: 39 at 9.) The Court noted, however,

---

[1] The December 18, 2014 Opinion and Order was issued following remand from the Sixth Circuit, which found that the Shinholster's appellate counsel was ineffective for failing to raise, on direct appeal, a claim challenging Shinholster's convictions as allied offenses of similar import in violation of the Double Jeopardy Clause, and remanded the case to the undersigned for further proceedings consistent with its opinion. (Doc #: 22.) In the December 18, 2014 Opinion and Order, the Court granted Shinholster's § 2254 petition with the following directive: "The trial court has ninety days to determine which of [Shinholster's] two convictions and concurrent sentences to vacate." (Doc #: 24 at 2.)

that it was not ruling on the merits of Shinholster's H.B. 86 argument.  (Id. at 9-10.)  The Court later stated, in ruling on Respondent's Motion for Relief from Judgment (Doc #: 41), that it always has the jurisdiction to correct an erroneous interpretation by a state court judge of the Court's prior ruling, but that it neither directed the state court judge to take any action nor amended its December 18, 2014 ruling.  (Doc #: 42 at 1.)

Although there is nothing in my September 16, 2016 Opinion and Order that prevents the state court judge from re-sentencing Shinholster in accordance with Ohio law, the undersigned cannot say that the state court judge's *literal* interpretation of my directive (giving the state trial court ninety days to determine which of Petitioner's two convictions and concurrent sentences to vacate) violates federal constitutional law.  In any event, Shinholster's remedy lies entirely in the state courts.

Accordingly, the Motion is **DENIED**.

**IT IS SO ORDERED.**

 */s/ Dan A. Polster     December 28, 2016*
**Dan Aaron Polster**
**United States District Judge**