# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **CHRISTOPHER SHINHOLSTER,** | Case No. 5:12 CV 2495 |
| Petitioner, | Judge Dan Aaron Polster |
| vs. | **MEMORANDUM OF OPINION AND ORDER** |
| **MAGGIE BRADSHAW, Warden,** | |
| Respondent. | |

Before the Court is Petitioner Christopher Shinholster's Motion for Clarification. **Doc #: 47**. For the following reason, the Motion is **DENIED**.

**I.**

The pending Motion follows Shinholster's numerous attempts to raise, unsuccessfully, the same issue before various state and federal courts, i,e, whether, following remand from this federal habeas court to the state sentencing court to correct an allied-offenses error, Shinholster was entitled to a *de novo* resentencing hearing on his remaining drug-trafficking conviction and 15-year sentence. According to Shinholster, he was entitled to a *de novo* hearing based on *State v. Wilson*, 129 Ohio St.3d 214 (2011). And because he was entitled to a new hearing, the sentencing court was required to apply the sentencing guidelines in effect at the time of that hearing – as articulated in House Bill 86. The sentencing court declined Shinholster's request to continue the post-remand hearing in order to adequately raise this argument, concluding that this Court restricted the sentencing court's authority to do anything other than "[take] ninety days to

determine which of Petitioner's two convictions and concurrent sentences to vacate." Doc #: 24 at 2.[1] On direct appeal, the sentencing court's ruling was affirmed. The appeals court explained:

> { ¶ 7} If a trial court sentences an offender on allied offenses of similar import, the resulting sentence is contrary to law, but it is not void. *State v. Wilson*, 9th Dist. Summit No. 27361, 2015–Ohio–2023, ¶ 11. The error merely renders the sentence voidable and subject to correction. See *id*. When a reviewing court reverses a judgment as a result of an allied offense error, the court generally will vacate the affected portion of the sentence and remand the matter for a de novo sentencing hearing at which the State will elect the offense(s) upon which it wishes to proceed. See *State v. Wilson*, 129 Ohio St.3d 214, 2011–Ohio–2669, ¶ 13–15; *State v. Whitfield*, 124 Ohio St.3d 319, 2010–Ohio–2, paragraphs one and two of the syllabus. Even so, "a number of discretionary and mandatory limitations may apply to narrow the scope of a particular resentencing hearing." *Wilson*, 129 Ohio St.3d 214, 2011–Ohio–2669, at ¶ 15. For example, "the sentences for any offenses that were not affected by the appealed error are not vacated and are not subject to review." *Id*., citing *State v. Saxon*, 109 Ohio St.3d 176, 2006–Ohio–1245, paragraph three of the syllabus. See also *State v. Stovall*, 9th Dist. Medina No. 07CA0027–M, 2008–Ohio–272, ¶ 5 (apart from correcting void sentences and clerical errors, trial courts lack authority to reconsider their own valid final judgments).
>
> { ¶ 8} When issuing a writ of habeas corpus, "the choice of habeas remedy lies within the district court's sound discretion * * *." *Gentry v. Deuth*, 456 F.3d 687, 697 (6th Cir.2006). Here, the district court chose to remand this matter to the trial court with an instruction to the court to vacate one of Mr. Shinholster's convictions. Mr. Shinholster did not appeal from the district court's ruling so as to challenge its choice of remedy, so he cannot now contest it. See *Ford Motor Credit Co., L.L.C. v. Collins*, 8th Dist. Cuyahoga No. 101405, 2014–Ohio–5152, ¶ 17 ("Ohio constitutional and statutory law provides that [state appellate courts] have no jurisdiction to * * * review federal district court decisions."), citing *State v. Fawcett*, 91 Ohio St.3d 1, 3 (2000) and *Sundstrom v. Sundstrom*, 11th Dist. Ashtabula No.2005–A–0013, 2006–Ohio–486, ¶ 31. Moreover, the trial court could not simply ignore the district court's mandate and conduct his resentencing as it saw fit. See generally *Gentry* at 696–697; *State v. Slagle*, 2d Dist.

---

[1] This Court later explained that, although there was nothing in its September 16, 2016 Opinion and Order that prevented the state court judge from resentencing Shinholster in accordance with Ohio law, the Court could not say that the state court judge's *literal* interpretation of this Court's directive (giving the state trial court ninety days to determine which of Petitioner's two convictions and concurrent sentences to vacate) violated federal constitutional law – and concluded that "Shinholster's remedy lies entirely in the state courts." Doc #: 44 at 2.

> Montgomery No. 23934, 2012–Ohio–1575, ¶ 42; *Hegedus v. Hegedus*, 8th Dist. Cuyahoga No. 42268, 1980 WL 355471, *1 (Dec. 24, 1980). The district court's order essentially constituted a mandatory limitation on the scope of Mr. Shinholster's particular resentencing hearing. See *Wilson*, 129 Ohio St.3d 214, 2011–Ohio–2669, at ¶ 15.
>
> *3{ ¶ 9} Unlike the defendants in the allied offense cases upon which he relies, Mr. Shinholster exhausted his state court remedies without obtaining a reversal of his judgment of conviction. Accordingly, no court in this State vacated any portion of his sentence or remanded this matter for a de novo sentencing hearing. Had Mr. Shinholster's judgment of conviction been reversed and his sentences vacated pursuant to that determination, the trial court would have been obligated to conduct a de novo sentencing. See *id*. at ¶ 13–15. However, Mr. Shinholster obtained relief through a writ of habeas corpus, and, in granting his writ, the district court did not vacate any portion of his sentence. Instead, the district court ordered the trial court, within 90 days, "to determine which of [his] two convictions and concurrent sentences to vacate." By allowing the State to elect the offense upon which it wished to proceed and then vacating Mr. Shinholster's other offense, the trial court complied with the mandate of the district court and did not exceed its authority upon remand. Mr. Shinholster has not shown that the trial court erred by resentencing him in accordance with the federal district court's mandate. See App.R. 16(A)(7). . . . *Id*. at *2-*3.

*State v. Shinholster*, No. 27687, 2015 WL 8348748 (Ohio App. 9th Dist. Dec. 9, 2015).

Shinholster appealed this ruling to the Ohio Supreme Court, which denied jurisdiction. Since then, Shinholster has gone back and forth between state trial and appeals courts, and this district court and the Sixth Circuit Court of Appeals raising the same argument repeatedly – to no avail.

More recently, on February 2, **2017**, Shinholster filed a Motion to Clarify Opinion and Order in this district court raising yet again his *Wilson* / H.B. 86 argument. Doc #: 45. The Court summarily denied it on February 9, 2017 and Shinholster did not appeal the ruling. Consequently, the Court's ruling is the law of this case and Shinholster is precluded from raising these issues again. As stated accurately by Respondent, the law-of-the-case doctrine provides that "when a court decides upon a rule of law, that decision continues to govern the same issues in subsequent stages in the same case." *Scott v. Churchill*, 377 F.3d 565, 569-70 (6th Cir. 2004)

(quoting *Arizona v. California*, 460 U.S. 605, 618 (1983); *Edmonds v. Smith*, 922 F.3d 737, 740 (6th Cir. Apr. 26, 2019). The doctrine precludes a court from reconsidering issues "decided at an earlier stage of the litigation, either explicitly or by necessary inference from the disposition." *Hanover Ins. Co. v. Am. Eng'g Co.*, 105 F.3d 306, 312 (6th Cir. 1997).

Respondent also points out that two months later (April 2017), Shinholster went directly to the Sixth Circuit and filed a Motion to Recall/Clarify the Mandate asserting the very same arguments he raised here. On August 2, 2017, the Sixth Circuit denied his Motion, stating:

> Shinholster's motion fails to demonstrate any exceptional circumstances that justify recalling or clarifying the mandate in his prior appeal. See id. This court cocluded that Shinholster was denied effective assistance of appellate counsel because counsel neither challenged "his convictions and sentences for both cocaine possession and trafficking" on the grounds that they were 'allied offenses of similar import" nor pursued the dismissal of oe of those convictions and sentences, and it remanded his case "for further proceedings." *Shinholster*, No 14-3026 (6th Cir. Nov. 26, 2014).
>
> On remand from this court, the district court remanded Shinholster's case to the state trial court to determine which conviction and sentence to vacate. On remand from the district court, the state trial court followed the order of this court and the district court and dismissed Shinholster's conviction and sentence for possession of cocaine and its associated major drug offender and criminal forfeiture specifications.
>
> This court did not specify the manner in which its order must be followed or the remedy that must be provided and, as a result, the state court was *not* restricted in the application of Ohio law and procedure. Even though the state trial court did not conduct a de novo resentencing hearing for the remaining conviction and sentences and did not apply *Wilson* as requested by Shinholster, the state courts determined that Shinholster was not entitled to a de novo resentencing hearing in this particular situation–no state court had reversed his conviction or "vacated any portion of his sentence or remanded this matter for a de novo sentencing hearing" and relief was obtained "through a writ of habeas corpus, and, in granting his writ, the district court did not vacate any portion of his sentence."

*Shinholster v. Bradshaw, Warden*, No. 14-3026, (6th Cir. Aug. 2, 2017); Doc #: 49-1. Thus, the

Sixth Circuit has now addressed the *Wilson* / H.B. 86 argument in Shinholster's habeas case, precluding Shinholster from ever raising this argument again.

**II.**

Based on the law of the case, the Court **DENIES** the pending Motion for Clarification. **Doc #: 47**.

Furthermore, it is now 8 years since Shinholster filed this habeas case. It now appears that Shinholster intends to continue filing the same arguments repeatedly regardless of the Court's rulings. Accordingly, the Court hereby **DEEMS** Christopher Shinholster a vexatious litigator and **ENJOINS** him from filing any new motions, objections, notices or any other filings in this case including motions to clarify. If Shinholster disagrees with this Opinion and Order, he shall appeal it to the Sixth Circuit Court of Appeals. Otherwise, the Clerk's Office is hereby **ORDERED** to refrain from filing any document submitted by Petitioner Shinholster or on his behalf in this case, and to return those documents citing this Order.

**IT IS SO ORDERED.**

 */s/ Dan A. Polster    April 1, 2020*
**Dan Aaron Polster
United States District Judge**